Filed 7/21/16  In re I.G. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

### DIVISION TWO

| | |
|---|---|
| In re I.G., a Person Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, Plaintiff and Respondent, v. B.A., Defendant and Appellant. | E065231 (Super.Ct.No. SWJ1400876) OPINION |

APPEAL from the Superior Court of Riverside County. Jean P. Leonard, Judge. Reversed with directions.

Lori A. Fields, under appointment by the Court of Appeal, for Defendant and Appellant.

Gregory P. Priamos, County Counsel, and Carol A. Nunes Fong, Deputy County Counsel, for Plaintiff and Respondent.

B.A. (mother), the mother of I.G., appealed from a judgment terminating her parental rights as to I.G. (Welf. & Inst. Code, § 366.26.) Mother filed an opening brief contending that the juvenile court failed to adequately comply with the inquiry and notice requirements of the Indian Child Welfare Act (ICWA). (25 U.S.C. § 1901 et seq.; Cal. Rules of Court, rule 5.480 et seq.) On June 3, 2016, the parties filed a joint application and stipulation for reversal of judgment and remand. After our own careful review of the entire record, we conclude that the juvenile court did fail to adequately comply with the inquiry and notice requirements of ICWA, and we reverse with the requested directions.

FACTS

The child was detained on November 9, 2014. On that same date, father told Riverside County Department of Public Social Services (DPSS) that he may have Cherokee and Blackfoot ancestry. In father's ICWA-020 form, father again identified possible Cherokee and Blackfoot ancestry. In November 2014, the juvenile court directed DPSS to provide notice under ICWA. DPSS filed a Notice of the Child Custody Proceeding for Indian Child on December 10, 2014. The notice did not include complete information for father, his parents or his grandparents.

DPSS was in contact with paternal grandfather regarding assessment for placement. Paternal grandfather appeared several times in juvenile court. Minor was placed with paternal grandfather on July 2, 2015. Paternal grandfather reported he was in contact with seven members of the paternal side of the family. Despite the contact with paternal grandfather, DPSS did not inquire about the paternal family's Native American ancestry, and no new ICWA notice was sent to tribes.

2

On May 13, 2015, the court found that ICWA did not apply.

The court terminated mother and father's parental rights at the Welfare and Institutions Code section 366.26 hearing held January 12, 2016.

STIPULATION

A stipulated reversal under Code of Civil Procedure section 128, subdivision (a)(8) is permissible in a dependency case when the parties agree that reversible error occurred, and the stipulated reversal will expedite the final resolution of the case on the merits. (*In re Rashad H.* (2000) 78 Cal.App.4th 376, 380-382.) In the stipulation, the parties agree that insufficient inquiry and notice was provided under the provisions of ICWA and that reversal of the judgment is appropriate with directions to the juvenile court to make a proper ICWA inquiry. Notice under ICWA must contain sufficient information to determine the child's direct ancestors. (Welf. & Inst. Code, § 224.2, subd. (a)(5); *In re Francisco W.* (2006) 139 Cal.App.4th 695, 703.) Reversal is therefore appropriate given the Department's and juvenile court's failure to provide adequate ICWA notice. (See e.g., *In re A.B.* (2008) 164 Cal.App.4th 832, 839.) Although only mother appealed, the parental rights termination order must be reversed as to both mother and father. (*In re Mary G.* (2007) 151 Cal.App.4th 184, 208.)

DISPOSITION

The order terminating parental rights is reversed as to both parents.

The juvenile court is directed to order the Department to comply with its inquiry duties under Welfare and Institutions Code section 1224.3, subdivisions (a) and (c) and to provide adequate notice which contains information concerning father's relatives

3

pursuant to the provisions of ICWA.  If after proper notice and inquiry, a tribe determines that I.G. is an Indian child as defined by ICWA, the juvenile court is directed to conduct a new Welfare and Institutions Code section 366.26 hearing in conformity with the provisions of ICWA.  If there is no response or the tribes determine that I.G. is not an Indian child, the juvenile court is directed to reinstate all previous findings and terminate parental rights.

Pursuant to the parties' stipulation, the clerk of this court is directed to issue the remittitur immediately.  (Cal. Rules of Court, rule 8.272(c)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
Presiding Justice

We concur:

HOLLENHORST
J.

McKINSTER
J.

4